UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


KENNY WILLIAMS HERNANDEZ,     )
                              )
            Appellant,        )
                              )
v.                            )          Case No. 2D18-4500
                              )
STATE OF FLORIDA,             )
                              )
            Appellee.         )
_____)

Opinion filed May 1, 2019.


Appeal from the Circuit Court for Polk
County; Keith Spoto, Judge.

Philip T. Dunlop, Orlando, for Appellant.

Ashley Moody, Attorney General, and
Susan Bechard, Assistant Attorney
General, Tampa, for Appellee.


**ORDER FOLLOWING SHOW-CAUSE PROCEEDING**

PER CURIAM.

Attorney Philip T. Dunlop, Florida Bar Number 180210, appeared before this court on Wednesday, March 6, 2019, to show cause why sanctions should not be imposed for his failure to comply with this court's orders.

Attorney Dunlop filed the notice of appeal in the trial court on November 1, 2018, and the notice was transmitted to this court on November 13. Because no filing fee accompanied the notice, on November 14 this court issued its standard fee order. The order required the appellant to submit to this court the $300 filing fee or indigency documentation within thirty days, failing which the appeal would be subject to dismissal and counsel subject to sanctions. Attorney Dunlop did not respond.

Also on November 14, this court issued an order listing three questions this court needed answered to assist it in properly classifying the appeal, which was from the denial of a motion to withdraw plea. Attorney Dunlop did not respond.

On December 10, the court followed up with an order directing Attorney Dunlop to respond to the November 14 orders within ten days or risk the imposition of sanctions. Again, Attorney Dunlop did not respond.

On February 19, 2019, this court issued an order requiring Attorney Dunlop to appear at the court's March 6 oral argument session to show cause why he should not be sanctioned for his failure to respond to the three orders just described. The order advised that if Attorney Dunlop complied with the three orders by 1 p.m. on Thursday, February 28, 2019, he could seek to discharge the order to show cause.

Attorney Dunlop appeared at the oral argument but was unable to adequately explain his failure to comply with this court's orders. He stated that his staff had failed to advise him of the orders and that he did not know about them until he

received the order to show cause. When asked why he did not attempt to comply with the 2018 orders and seek to discharge the order to show cause, Attorney Dunlop stated that he thought all he was required to do was appear on March 6.

Attorney Dunlop stated that appellant's mother advised him that appellant wanted to dismiss the appeal, but after questioning from this court, Attorney Dunlop acknowledged that he needed to consult with appellant himself. The court provided Attorney Dunlop with seven more days to consult with his client and comply with the 2018 orders. On the seventh day, Attorney Dunlop submitted a response answering the three questions posed in one of the November 14 orders, but he did not submit a filing fee or indigency documentation as required by the other November 14 order. Three days later on March 15, the circuit court clerk submitted to this court the clerk's determination of appellant's insolvency and appointment of the public defender. It is not clear from the record whether Attorney Dunlop assisted appellant in applying for indigency status with the circuit court clerk. This court has now on its own motion discharged Attorney Dunlop from further representation of appellant in this appeal.

Due to Attorney Dunlop's failure to comply with this court's directives and the attendant delays, we hereby refer this matter to The Florida Bar for investigation and initiation of such proceedings as may be appropriate.


VILLANTI, SLEET, and SALARIO, JJ., Concur.